Dean Allen PHELPS and Anna M. Phelps, his wife, Plaintiffs,

v.

RED STAR EXPRESS LINES, Defendant.

Civ. A. No. 78–23 Erie.

United States District Court, W. D. Pennsylvania.

Nov. 21, 1978.

Robert S. Bailey and Paul D. Shafer, Jr., Meadville, Pa., for plaintiffs.

Wallace J. Knox, Erie, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, Chief Judge.

This is a diversity negligence action. Plaintiffs are Dean Allen Phelps and his wife, Anna M. Phelps. Defendant is Red Star Express Lines, a New York corporation. The complaint avers that on March 17, 1976 an agent of defendant operated a tractor trailer in a negligent fashion so as to violently collide and strike the rear end of a truck being operated by plaintiff Dean Allen Phelps. Plaintiffs seek redress for medical expenses, loss of earnings, impairment of earning capacity, and pain and suffering.

The case is presently before the Court on Defendant's Motion for Partial Summary Judgment, Fed.R.Civ.P. 56(b), seeking a ruling of controlling law in the case. Defendant asserts that the complaint purports to seek recovery for husband Plaintiff's medical expenses and loss of earnings; said items of damage having previously been paid to plaintiffs pursuant to the Pennsylvania Workmen's Compensation Act, 77 Pa. Stat.Ann. § 1 *et seq.* Defendant maintains that these items of damage may not be recovered by either the plaintiffs or their subrogee-workmen's compensation carrier under the applicable provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.Stat.Ann. § 1009 *et seq.* Therefore, defendant would have the court limit liability to "noneconomic detriment" as defined at 40 Pa.Stat.Ann. § 1009.103. Ap-

parently, Plaintiffs recognize that pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act they cannot maintain an action to recover medical expenses or loss of earnings under fifteen thousand ($15,000) Dollars. Nonetheless, plaintiffs assert that since a third-party workmen's compensation carrier has paid these amounts, the subrogation rights provided in the Workmen's Compensation Act at 77 Pa.Stat.Ann. § 671, entitle a recovery against defendant without limitation. In the estimation of plaintiffs the provisions of the Workmen's Compensation Act and the No-Fault Motor Vehicle Insurance Act must be construed as compatible so as to advance the public policy of resting the burden of the subject expenses on the negligent tortfeasor rather than on the innocent workmen's compensation carrier.

The issue, then, is whether the No-Fault Motor Vehicle Insurance Act can be read so as to permit plaintiffs' claims pursuant to the subrogation rights of the Workmen's Compensation Act. In assessing this question, the Court is cognizant that the Workmen's Compensation Act provides, in relevant part:

> "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . ." 77 Pa.Stat.Ann. § 671.

We are equally mindful, however, that the No-Fault Motor Vehicle Act strictly limits tort liability, to-wit:

> "(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State . . . , except that:
>
> \* \* \* \* \* \*
>
> (4) A person remains liable for loss which is not compensated because of any limitation . . . of this act. . . .
>
> (5) A person remains liable for damages for non-economic detriment . . . ."
> 40 Pa.Stat.Ann. § 1009.301.

In the opinion of the Court, the language of the No-Fault Motor Vehicle Insurance Act admits of no exception. That Act, as fashioned by the Pennsylvania Legislature, clearly precludes plaintiffs herein from maintaining an action to recover their economic losses (i. e., medical expenses and loss of earnings) except to the extent encompassed in 40 Pa.Stat.Ann. § 1009.301(a)(4). A fortiori, any subrogation rights are subject to the same limitation. *See Brunelli v. Farrelly,* 64 Del. 237 (Pa.1977).

Therefore, it is ORDERED that defendant's Motion for Partial Summary Judgment be and hereby is GRANTED. Plaintiffs' claims for medical expenses are ORDERED STRICKEN. Plaintiffs may, at the time of trial, offer proof as to net loss of earnings in excess of fifteen thousand dollars ($15,000.00).

ORDERED filed this 21st day of November, 1978.