**Edna E. ERICH, Administratrix of the Estate of Carlyle R. Erich and Edna E. Erich, Individually, Plaintiff,**

v.

**RYDER TRUCK LINES, INC., Defendant.**

Civ. A. No. 79–0656.

United States District Court,
M. D. Pennsylvania.

Nov. 24, 1980.

Lee C. Swartz, Hepford, Zimmerman & Swartz, Harrisburg, Pa., for plaintiff.

F. Lee Shipman, Goldberg, Evans & Katzman, Harrisburg, Pa., for defendant Ryder Truck Lines.

James E. O'Brien, Scranton, Pa., for intervenor SCM Corp.

## MEMORANDUM

RAMBO, District Judge.

Presently before the court is the motion of a workmen's compensation carrier to intervene in a wrongful death and survival action. The factual and procedural background of the motion is as follows. In February of 1978, Carlyle Erich was driving a truck on Interstate Route 81 in Pennsylvania and became involved in a multi–vehicle collision. His injuries were fatal. At the time of the accident, Erich was a resident of Maryland. He was an employee of a division of SCM Corporation (SCM), a self–insurer under Maryland's Workmen's Compensation Act. In January of 1979,

Edna Erich, the decedent's widow and administratrix of his estate, initiated a wrongful death and survival action against Ryder Truck Lines, Inc. in the United States District Court for the District of Maryland. That action was transferred to this court pursuant to 28 U.S.C. § 1404(a).[1] Subsequently, a third–party complaint was filed against Roger Noble and Donald Wright, both operators of other vehicles involved in the collision.

Edna Erich sought workmen's compensation benefits from both Maryland and Pennsylvania as a result of her husband's death. On July 26, 1979, the Maryland Workmen's Compensation Commission found that the fatal injury arose out of and was sustained in the course of Carlyle Erich's employment. It awarded the widow basic compensation of $17,500 and an additional $1,200 for funeral expenses. Following the Maryland award, SCM filed a motion to intervene in this action to protect subrogation rights alleged to exist as a result of the Maryland award. The motion was pending when Edna Erich was granted another workmen's compensation award under Pennsylvania's Workers' Compensation Act. The latter award included $300 toward funeral expenses, for a total of $1,500 when added to the Maryland allowance; and "$185 per week, beginning December 17, 1979, and continuing thereafter during Widowhood." The weekly payment is subject to a credit of $17,500 for the death benefit awarded under Maryland's compensation statute. SCM has updated its intervenor's complaint to include a subrogation demand for the total of the amount it must pay Edna Erich under the Maryland and Pennsylvania awards.

Intervention is sought pursuant to Federal Rule of Civil Procedure 24(a)(2), which provides:

> This action could not have been initiated in the Middle District of Pennsylvania because neither plaintiff or defendant reside here, nor did the cause of action arise here. *See* 28 U.S.C. § 1391(a). Schuylkill County, the site of the collision, is in the Eastern District of Pennsylvania.

---

1. The transfer was erroneous. 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* (emphasis supplied).

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

The first portion of clause 2 raises a question: Does SCM have a legal interest in the transaction which is the subject of the case *sub judice*? SCM claims that it does. Its theory is that, because it is bound to pay Carlyle Erich's widow compensation for lost wages and funeral expenses as a result of workmen's compensation awards, it may recoup those payments with a subrogation claim against any recovery she might receive from a third party tortfeasor. All present parties object to the intervention of SCM. They maintain that Pennsylvania's No–Fault Motor Vehicle Insurance Act[2] bars Edna Erich and the estate from recovering the losses paid by SCM. They reason that, if the subrogor cannot recover damages for the losses, SCM has no subrogation rights to assert, and consequently no right of intervention. SCM argues that its subrogation rights under both Maryland's and Pennsylvania's workmen's compensation laws remain intact and are unaffected by Pennsylvania's No–Fault Motor Vehicle Insurance Act.

A right of subrogation exists only if the alleged subrogor, Edna Erich or the estate of Carlyle Erich, could recover from the tortfeasor damages which are the same as those paid by the party asserting the subrogation rights (SCM). Under the present facts SCM seeks repayment of amounts it has paid to compensate the widow and estate for lost earnings and funeral expenses.

 The court's inquiry must begin with an analysis of the legal rights of Edna Erich and the estate of Carlyle Erich. To make the analysis it must determine what state law is applicable to the action. In *Erie Railroad Company v. Tompkins*, 304

U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court ruled that federal courts are to apply the law of the state of their location except in matters controlled by acts of Congress or the United States Constitution. This rule applies to state choice of law principles as well. *Klaxon Company v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Plaintiff chose to bring suit in the United States District Court for the District of Maryland, and is in federal court in Pennsylvania only because of the defendant's motion for a change of venue under 28 U.S.C. § 1404(a). Plaintiff is entitled to the choice of law which would prevail in the court where she initiated suit. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This court must look to Maryland's choice of law.

Maryland's legislature has decided which state law should be applied to a tort action arising outside the state borders. It directs:

§ 3–903. When wrongful act occurs outside of Maryland. (a) Application of substantive law of another state. –If the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction. *Annotated Code of Maryland*, Courts and Judicial Proceedings (1974).

A Maryland court would follow the substantive law of Pennsylvania, the site of the vehicle accident.

Pennsylvania's substantive law includes the No--Fault Motor Vehicle Insurance Act. That act contains a choice of law section, 40 P.S. § 1009.110(c), which provides: "(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim." In other words, Maryland says that Pennsylvania law should govern the lawsuit, but Pennsylvania says the court should look to Maryland law because the victim resided in Maryland. However, a Maryland resident injured out–of–state

---

**2.** Act of July 19, 1974, P.L. 489, 176, Art. I, § 101, 40 P.S. § 1009.101 *et seq.*

has only the rights accorded by the state of injury, and so–on in a never–ending circle.

■ Circularity will often result if one state, when looking to the law of another, includes the choice of law rules of the latter state. Thus the concept has developed that:

> [W]here a question comes before a court which, according to the law of the forum as to conflict of laws, is to be determined by the law of another jurisdiction, the question is determined by the law of such other jurisdiction applicable to the precise question; the law of such other jurisdiction as to conflict of laws is not taken into consideration. 16 Am.Jur.2d *Conflict of Laws* § 4 (1976).

Maryland courts have adhered to this approach, and have concluded that the term "substantive law" in the Maryland statute excludes the choice of law rules of the other jurisdiction. *Polglase v. Greyhound Lines, Inc.*, 401 F.Supp. 335 (D.Md.1975); *Debbis v. Hertz Corporation*, 269 F.Supp. 671 (D.Md.1967). This court, bound by Maryland case law, should not apply the choice of law section of Pennsylvania's No–Fault Motor Vehicle Insurance Act. It must look directly to the tort liability existing in Pennsylvania.

Tort liability in Pennsylvania is limited in the following manner:

> (a) Partial abolition.–Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:
>
> . . . . .
>
> (4) A person remains liable for any loss which is not compensated because of any limitation in accordance with section 202(a) [allowable expense–including funeral and burial costs to a limit of $1,500], (b) [work loss to a limit of $15,000], (c) [replacement services losses], or (d) [survivor's loss to a limit of $5,000] of this act. . . . [3]
>
> (5) A person remains liable for damages for *non–economic* detriment if the

action results in: (A) death or serious and permanent injury . . . (emphasis supplied). 40 P.S. § 1009.301.

■ Section 1009.301 limits the *economic* losses recoverable by both Edna Erich and the estate. She, as executrix and on her own behalf, may sue only for economic losses which exceed $1,500 in funeral and burial costs, $15,000 in earnings, $5,000 in survivor's loss and non–economic damage. On the record before the court, it appears that the workmen's compensation payments have not presently exceeded the basic loss benefit maximums listed in (4) above. The amounts SCM has paid Mrs. Erich, $1,500 for funeral expenses and a death benefit of $17,500 represent economic losses she may not recover in a tort action governed by Pennsylvania law. If Mrs. Erich and the estate may not sue for these amounts, SCM has no right to recover them in a subrogation action.

This conclusion coincides with that of the Pennsylvania Superior Court in *Brunelli v. Farelly Brothers*, —— Pa.Super. ——, 402 A.2d 1058 (1979). The Court held:

> Since No–fault has abolished the tort liability of a tortfeasor involved in an automobile accident except for amounts in excess of "basic loss benefits", [sic] and since workmen's compensation benefits are not amounts in excess of "basic loss benefits" . . ., neither the employee–victim nor the workmen's compensation insurer, his would–be subrogee, has a cause of action against the third party tortfeasor for the sum paid or payable to the employee as workmen's compensation benefits. *Brunelli*, at 1061.

SCM has failed to establish that it has an interest in the transaction which is the subject of this case. Accordingly, its motion to intervene will be denied.

---

**3.** The bracketed amounts are basic loss benefit maximums.