**Edna E. ERICH, Administratrix of the Estate of Calyrle R. Erich, and Edna E. Erich, Individually, Plaintiffs,**

v.

**RYDER TRUCK LINES, INC., Defendant.**

Civ. A. No. 79–0656.

United States District Court, M. D. Pennsylvania.

May 21, 1981.

Lee C. Swartz, Hepford, Zimmerman & Swartz, Harrisburg, Pa., for plaintiff.

F. Lee Shipman, Goldberg, Evans & Katzman, Harrisburg, Pa., for defendant.

Edward Heitmiller, Pottsville, Pa., Robert P. Reed, Harrisburg, Pa., for third-party defendants.

James E. O'Brien, Kennedy, O'Brien & O'Brien, Scranton, Pa., for intervenor.

## MEMORANDUM

RAMBO, District Judge.

■ On November 24, 1980 the court filed an order and memorandum addressing the right of SCM Corporation to intervene in this action. The factual details of the matter were described in that memorandum and will not be repeated. SCM Corporation was denied the right to intervene to assert a subrogation claim resulting from workmen's compensation payments. At the time of the denial it appeared from the record that SCM had not paid Edna Erich any money in excess of the basic loss benefits to which she was entitled under Pennsylvania's No-Fault Motor Vehicle Insurance Act. Edna Erich could not recover amounts equal to those benefits in a tort action, therefore the workmen's compensation carrier was not entitled to a claim from any tort recovery. See *Erich v. Ryder Truck Lines, Inc.*, 502 F.Supp. 352 (M.D.Pa.1980).

■ After the November order SCM filed a motion for leave to intervene as plaintiff and to file intervenor's second amended complaint. The motion states inter alia that SCM has now paid Edna Erich amounts which exceed the basic loss benefits. The court finds it consistent with the holding of *Brunelli v. Farelly Brothers*, 266 Pa.Super. 23, 402 A.2d 1058 (1979), to permit the assertion of a subrogation claim for the amounts in *excess* of basic loss benefits. Those amounts may be recovered from the tortfeasor. 40 Pa.Stat.Ann. § 1009.-301(a)(4). *See Phelps v. Red Star Express Lines*, 460 F.Supp. 158 (W.D.Pa.1978).

The parties opposing intervention have not presented any arguments which convince this court that, with the passage of the Pennsylvania No-Fault Motor Vehicle Insurance Act, the Pennsylvania legislature intended to abrogate entirely the subrogation rights of workmen's compensation carriers whose insureds' employees are injured in work related motor vehicle accidents. Where, as here, the plaintiff is suing for economic harm in excess of the basic loss benefits provided by Pennsylvania's No-Fault Motor Vehicle Insurance Act, the subrogee should be permitted to assert its claim.